**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1609

PATRIK THOMAS,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya and Howard,
Circuit Judges.

Patrik Thomas on brief pro se.
Siu P. Wong, Trial Attorney, Greg D. Mack, Senior Litigation
Counsel, and Peter D. Keisler, Assistant Attorney General.

December 12, 2006

**Per Curiam**. Patrik Thomas seeks review of a Board of Immigration Appeals (BIA) order dismissing his appeal from an adverse decision by an immigration judge (IJ). The IJ determined that Thomas was ineligible to apply for asylum, and she denied his application for withholding of removal and protection under the Convention Against Torture (CAT). For the following reasons, we deny the petition for review.

1.  The BIA agreed with the IJ's determination that Thomas was ineligible for asylum because his application was late and no statutory exception applied, and we lack jurisdiction to review that determination. Hayek v. Gonzales, 445 F.3d 501, 506-07 (1st Cir. 2006) (per curiam).

2.  The BIA agreed with the IJ's determination that Thomas was not entitled to either withholding of removal or protection under the CAT.[1] Substantial evidence of record supports that determination. The IJ's decision recites the facts, and so we do not repeat them here. We note only that Thomas failed to show that any governmental action or inaction contributed to the adverse events he experienced in Jakarta on account of his religion, and that his family still lives there, practicing their faith without

---

[1]We bypass the question whether we have jurisdiction to consider the CAT issue, which the BIA addressed despite the lack of briefing by Thomas. Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004) (explaining that where the jurisdictional question is difficult, the court of appeals may assume that it has statutory jurisdiction and decide the petition on the merits in favor of the party in whose favor want of jurisdiction would operate).

harm.  Our case law confirms that the denial of relief was proper. E.g., Nikijuluw v. Gonzalez, 427 F.3d 115, 121 (1st Cir. 2005) (denying petition for review by an Indonesian Christian because he had suffered only "isolated acts of private discrimination" and his family continued to live safely in Indonesia).

3.  Thomas offers new facts and materials to support his petition, but our review is limited to information in the appellate record.  See 8 U.S.C. § 1252(b)(4)(A).

The petition for review is denied.